IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Criminal No. 25-61 |
| **MATTHEW GORD HOLIDAY,** | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Pending before the court is a pro se motion to request sentencing transcript (ECF No. 61), filed by defendant Matthew Gord Holiday ("Holiday" or "defendant"). The government filed a response (ECF No. 63), opposing a free transcript, but not opposing the motion if Holiday complies with the applicable rules and pays for the transcript himself.

Background

On March 26, 2025, Holiday pleaded guilty to Counts 1, 2 and 3 of the Indictment, which charged him with: (count 1) Possession with Intent to Distribute 500 grams or more of cocaine, on June 18, 2024, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii); (count 2) Possession of a firearm in furtherance of drug trafficking on June 18, 2024, in violation of 18 U.S.C § 924(c)(1)(A)(i); and (count 3) Possession of a firearm by a convicted felon on June 18, 2024, a violation of 18 U.S.C. § 922(g)(1).

There was a plea agreement in this case, pursuant to Rule 11(c)(1)(C), which stipulates that the appropriate imprisonment sentence is 60 months imprisonment at Counts 1 and 3 to be served concurrently and 60 months imprisonment at Counts 2 to be served consecutively to Counts 1 and 3, for total prison term of 120 months. The plea agreement provided for a 4-year

term of supervised release at each count to run concurrent.  In the plea agreement, Holiday agreed to voluntarily forfeit to the United States all property subject to forfeiture including but not limited to: one Ruger Mini 14 5.56 caliber rifle bearing serial number 182-29575; one Remington Gamemaster Model 760 30-06 caliber rifle bearing serial number 41256; and assorted 5.56 and 30-06 caliber ammunition.  In the plea agreement, Holiday waived his right to appeal, except in three narrow circumstances.  The court thoroughly reviewed this waiver of appeal provision with Holiday during the change of plea hearing.

On August 14, 2025, the court accepted the parties' plea agreement and imposed the agreed-upon sentence (although it imposed the statutory maximum term of 3 years supervised release at Count 3).  The case was closed.  There is no activity on the docket other than Holiday's motion to obtain a transcript.

Discussion

Holiday states that he wants the sentencing transcript in order to prepare a § 2255 challenge for ineffective assistance of counsel because counsel did not file an appeal (ECF No. 61 at 1).  Holiday cites 28 U.S.C. § 753.  Holiday did not provide any other explanation about the motion he intends to file, why it is a nonfrivolous motion, or why he needs the sentencing transcript.

The government argues that the transcript should not be paid for by the government because Holiday failed to meet his burden to show that it is necessary to his defense.  The government reasons that Holiday's counsel could not be ineffective in failing to file an appeal because Holiday waived his right to appeal his sentence (ECF No. 63).

Section 753(f) addresses requests for transcripts from the official court reporter:

> (f) **Each reporter may charge and collect fees for transcripts requested by the parties**, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. **Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose _if_ the trial judge or a circuit judge certifies that the suit or appeal is not frivolous _and_ that the transcript is needed to decide the issue presented by the suit or appeal.** Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States **if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).** The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C. § 753(f) (emphasis added).

"Necessary" transcripts are included within the services that can be provided to a defendant under the Criminal Justice Act, 18 U.S.C. § 3006A, if the judge makes the certification set forth in § 753 (in bold, above). *United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008). The court explained that neither § 3006A nor § 753 "authorize the United States to pay for a transcript where no proceeding is pending." *Id.*

In *United States v. Jackson*, 302 F. App'x 122, 123 (3d Cir. 2008), the court explained that a defendant is not entitled to obtain a transcript at government expense to search the record for possible error. The court commented that the United States cannot be required to pay the cost of transcripts when no proceeding is pending. *Id.*

As explained above, no proceeding is pending in this case. The information provided

by Holiday does not permit this court to certify that any appeal by him would not be frivolous, presents a substantial question, or that the sentencing transcript is needed to decide the issue.

Conclusion

For the reasons set forth above, Holiday's motion to request a sentencing transcript (ECF No. 61) is denied in part, without prejudice, to the extent Holiday seeks a free transcript, and is granted in part as unopposed, to the extent Holiday will follow the applicable procedures to pay the court reporter for a transcript.

By the court,

Date:   February 18, 2026

/s/ JOY FLOWERS CONTI
Hon. Joy Flowers Conti
Senior United States District Judge